IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                             PLAINTIFF

V.                                       NO. 14-50028

CRAIG GOETTSCH                                                       DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's pro se **Motion Under 18 U.S.C. § 3582(c)(2) (Doc. 44)**. For the reasons stated herein, the undersigned recommends that the Motion be DENIED.

On January 29, 2015, United States District Court Judge Timothy L. Brooks sentenced the Defendant to 60 months imprisonment after Defendant pled guilty to Count Five of the Indictment, charging him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (Docs. 19, 30.) In the § 3582(c) motion now before the Court, Defendant seeks a sentence reduction based on Amendment 801 to the United States Sentencing Guidelines (U.S.S.G.).

Section 3582(c)(2) authorizes the modification of a sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. On November 1, 2016, the Sentencing Commission amended U.S.S.G. § 2G2(b). Amendment 801 amended the language of § 2G2.2(b)(3)(F) to require that the distribution of child pornography be done knowingly for the two-level enhancement to apply.

Assuming, without deciding, that Amendment 801 applies retroactively and that it may, therefore, serve as the basis for a § 3582(c)(2) motion, the Defendant is not eligible for relief.

-1-

The Court may not reduce the Defendant's term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Thus, where a court's original sentence was the result of a downward various from the original Guideline range, § 3582(c)(2) allows the court to reduce a sentence only to the extent that doing so would not lower the Defendant's sentence to a term of imprisonment below the low end of the amended Guideline range. See id cmt. 3 (second example); see also United States v. Chapman, No. 12-CR-0287-A, 2017 WL 1531730, * 2 (W.D. N.Y. April 28, 2017).

In the present case, the Defendant's Guideline range, based on an offense level of 30 and a criminal history category of I, was 97 to 120 months. The Court sentenced the Defendant to 60 months, after granting the Defendant's motion for a downward variance based on the fact that some of the enhancements[1] applied to the Defendant appeared to be inherent to most, if not all, child pornography possession offenses. (Doc. 31 ¶ VI (D).) If the Court now granted the Defendant's § 3582(c)(2) motion and, as a result, did not apply § 2G2.2(b)(3)(F)'s two-level enhancement, the Defendant's total offense level would be 28, resulting in an amended Guideline range of 78 to 97 months imprisonment. As the Court originally imposed a 60-month sentence, which is less than this amended Guideline range, the Court cannot further reduce the Defendant's sentence. See Chapman, 2017 WL 1531730,*2 (the defendant was not eligible for § 3582(c)(2) relief because the Court's original 60-month sentence was the result of a downward variance that was below the low end of what the amended Guideline range would be (78 to 97 months) if the Court applied Amendment 801 to the defendant's Guideline calculation).

---

[1]The Court did not specifically mention the 2G2.2(b)(3)(F) enhancement that is the subject of Defendant's motion.

AO72A
(Rev. 8/82)

Based upon the foregoing, the undersigned recommends that Defendant's **Motion Under 18 U.S.C. § 3582(c)(2) (Doc. 44) be DENIED. The parties have fourteen days from receipt of the undersigned's report and recommendation in which to file written objections pursuant to 28 U.S.C. §636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of July, 2017.

/s/ *Erin L. Wiedemann*
    HON. ERIN L. WIEDEMANN
    UNITED STATES MAGISTRATE JUDGE